IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ESTELLA SCROGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:08cv651-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) (2000) and Federal Rule of Civil Procedure (FRCP) 58.  Def.'s Mot. Remand (Doc. #12).  The Commissioner states remand is necessary to permit further consideration of Plaintiff's claim of disability.  The Commissioner further states that, upon this Court's remand, the Appeals Council will remand this matter to the ALJ to "reconsider" evidence of "Plaintiff's mental impairments and, if necessary, obtain supplemental evidence from a vocational expert."  Def.'s Brief in Support of Mot. Remand (Doc. #13 at 1).  This Court entered an order directing Plaintiff to show cause why the motion to remand should not be granted.  Order (Doc. #14).  Because Plaintiff has not filed a response to the Court's Order, the Court presumes Plaintiff has no objection to Defendant's Motion to Remand.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the

decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).   The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Commissioner requests remand for reconsideration of evidence of Plaintiff's mental impairments, as well as the possible procuring of supplemental evidence from a vocational expert.  The Court finds reversal and remand necessary here, as Defendant concedes reconsideration and proper application of governing law and further development of the record is appropriate.

Upon consideration of the Motion (Doc. #12) and Plaintiff's failure to object thereto, it is

ORDERED that the Commissioner's Motion to Remand (Doc. #12) is GRANTED; the decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Brief in Support of its Motion to Remand (Doc. #13).

A separate judgment will issue.

DONE this 15th day of October, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE